ORDER
PER CURIAM.
Relator’s petition is granted in part, but otherwise denied. Petitioner was suspended for three years and, in a subsequent proceeding, disbarred, in an opinion that did not make the disbarment retroactive to the effective date of the suspension. Rehearing was denied, as was petitioner’s Motion for Clarification and/or Modification in January of this year. Relator has now submitted this Petition for Reinstatement. The following considerations govern this disposition, in which we address relator’s eligibility to séek reinstatement (which cannot be sought until five years after the effective date of disbarment under Supreme Court Rule XIX, Section 24(A)).
In the exercise of our plenary authority under Article V, Section 5(B) of the Louisiana Constitution, we determine that the mandatory five year period should not be retroactive to the date of relator’s suspension in 1987, but that the effective date of disbarment should be March 17, 1988, the date of relator’s voluntary disbarment. Although the voluntary disbarment was later set aside pending continued processing of the charges which resulted in the adjudicated disbarment, relator was unable to practice law in the interim because his suspension continued during this period.
Among the reasons prompting this disposition is the fact that the incidents of misconduct relative to the suspension and subsequent disbarment occurred in the same time frame. If all of the charges had been processed simultaneously, relator would have been disbarred rather than suspended in 1987, and would have been eligible to petition for reinstatement in January of 1992, rather than January of 1995. Considering all of the relevant facts, we determine now that the effective date of relator's disbarment should more appropriately be March 17, 1988 (the date of relator’s voluntary disbarment), and that the five year period in which relator is ineligible for reinstatement therefore expires on March 17, 1993.
The provisions governing readmission and reinstatement after disbarment are found in Supreme Court Rule XIX, Section 24. In LSBA v. White, 568 So.2d 1070 (La.1990), this court determined that the old. rule, Article XV of the Articles of Incorporation of the Louisiana State Bar Association, was applicable in cases of unconditional suspensions in which the commissioner’s hearing was held prior to April 1, 1990, the effective date of the new rule. This case is distinguishable from White because, while the commissioner’s hearing in this case was also held prior to April 1, 1990, it involves a disbarment rather than an unconditional suspension. This is the type of situation that the new disciplinary rules were designed to accommodate in requiring an attorney petitioning for reinstatement or readmission to apply first to the disciplinary board, i.e., where certain preconditions must be satisfied. Relator may therefore file his petition for reinstatement with the board at the appropriate time under Rule XIX, and consistent with this order.